1  Anna Y. Park, SBN 164242
   Rumduol Vuong, SBN 264392
2  Nakkisa Akhavan, SBN 286260
   U.S. EQUAL EMPLOYMENT
3  OPPORTUNITY COMMISSION
   255 East Temple Street, Fourth Floor
4  Los Angeles, CA 90012
   Telephone: (213) 894-1083
5  Facsimile: (213) 894-1301
   E-mail: nakkisa.akhavan@eeoc.gov
6
7
   Attorneys for Plaintiff
8  U.S. EQUAL EMPLOYMENT
   OPPORTUNITY COMMISSION
9
10            **UNITED STATES DISTRICT COURT**

11            **CENTRAL DISTRICT OF CALIFORNIA**

12

13  U.S. EQUAL EMPLOYMENT          )   Case No.: 8:16-CV-02066
    OPPORTUNITY COMMISSION,        )
14                                 )
                                   )
15          Plaintiff,             )
                                   )   **COMPLAINT—CIVIL RIGHTS/**
16       vs.                       )   **EMPLOYMENT DISCRIMINATION**
                                   )
17  SPEC FORMLINERS, INC. and Does 1-10 )
    Inclusive,                     )
18                                 )
                                   )
19                                 )
         Defendant(s).             )   **JURY TRIAL DEMAND**
20                                 )
    _____)

21

22

23

24

25

26

27

28

**NATURE OF THE ACTION**

This is an action under the Equal Pay Act of 1963 to restrain the unlawful payment of wages to employees of one sex at rates less than the rates paid to employees of the opposite sex, and under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and to provide appropriate relief due to Charging Party Ronda Gilbert ("Gilbert") as a result of such unlawful practices.

As alleged with greater particularity in paragraphs 12-48 below, Plaintiff United States Equal Employment Opportunity Commission ("Commission" or "EEOC") alleges that Defendant Spec Formliners, Inc. ("Defendant" or "Spec Formliners") discriminated against Gilbert, a female former employee, by paying her a lower base salary and subjecting her to a different commission structure than male employees who held the same position, in violation of Sections 206(d) and 215(a) of the EPA, 29 U.S.C. §§ 206(d) and 215(a) and Section 203(a) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a).

**JURISDICTION AND VENUE**

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Sections 16(c) and Section 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217, to enforce the requirements of the Equal Pay Act of 1963, codified as Section 6(d) of the FLSA, 29 U.S.C. § 206(d), and pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3) ("Title VII"). This action is also authorized and instituted pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.     The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Central District of California.

**PARTIES**

3.     Plaintiff U.S. Equal Employment Opportunity Commission is the agency of the United States of America charged with the administration, interpretation and enforcement of the

1  Equal Pay Act and Title VII and is expressly authorized to bring this action by Sections 16(c)
2  and 17of the FLSA, 29 U.S.C. §§ 216(c) and 217, as amended by Section 1 of Reorganization
3  Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705, and by
4  Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

5       4.    At all relevant times, Defendant Spec Formliners has continuously been a
6  California corporation doing business in the State of California and the City of Santa Ana, and
7  has continuously had at least 15 employees.

8       5.    At all relevant times, Defendant Spec Formliners has continuously been an
9  employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title
10  VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

11      6.    At all relevant times, Defendant Spec Formliners has acted directly or indirectly
12  as an employer in relation to employees and has continuously been an employer within the
13  meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

14      7.    At all relevant times, Defendant Spec Formliners has continuously employed
15  employees engaged in commerce or in the production of goods for commerce within the
16  meaning of Sections 3(b), (i) and (j) of the FLSA, 29 U.S.C. §§ 203(b), (i) and (j) and has
17  continuously been an enterprise engaged in commerce or in the production of goods for
18  commerce within the meaning of Sections 3(r) and (s) of the FLSA, 29 U.S.C. §§ 203® and (s),
19  in that said enterprise has continuously been an enterprise whose annual gross volume of sales
20  made or business done is not less than $500,000.

21      8.    Plaintiff is ignorant of the true names and capacities of Defendants sued as DOES
22  1 through 10, inclusive, herein and therefore Plaintiff sues said Defendants by such fictitious
23  names.  Plaintiff reserves the right to amend the complaint to name the DOE defendants
24  individually or corporately as they become known.  Plaintiff alleges that each of the Defendants
25  named as DOES was in some manner responsible for the acts and omissions alleged herein and
26  Plaintiff will amend the complaint to allege such responsibility when same shall have been
27  ascertained by Plaintiff.

28

9.      All of the acts and failures to act alleged herein were duly performed by and attributable to all Defendants, each acting as a successor, agent, employee or under the direction and control of the others, except as otherwise specifically alleged.  Said acts and failures to act were within the scope of such agency and/or employment, and each Defendant participated in, approved and/or ratified the unlawful acts and omissions by other Defendants complained of herein.  Whenever and where ever reference is made in this Complaint to any act by a Defendant or Defendants, such allegations and reference shall also be deemed to mean the acts and failures to act of each Defendant acting individually, jointly, and/or severally.

**ADMINISTRATIVE PROCEDURES**

10.      On August 15, 2014, more than thirty days prior to the institution of this lawsuit, Gilbert filed a charge with the Commission alleging violations of Title VII by Defendant.

11.      The Commission conducted an investigation into Gilbert's charge that included, but was not limited to, seeking documents and interviewing witnesses.

12.      On July 18, 2016, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that the EPA and Title VII were violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

13.      On October 4, 2016, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

14.      All conditions precedent to the institution of this lawsuit have been fulfilled.

**STATEMENT OF CLAIMS**

Statement of Title VII Claims

15.      Since at least on or about August 2008, Defendant has engaged in unlawful employment practices at its Santa Ana, California facility, in violation of Sections 703(a) of Title VII, 42 U.S.C. §§ 2000(e)-2(a)(1) and 2000e-3(a). The unlawful employment practices include Defendant Spec Formliners' failure to pay Gilbert a wage equal to a male employee because of her sex (female) and retaliation against Gilbert after she filed a charge of

1    discrimination.

2         16.    Gilbert was hired as a Sales Representative by Defendant on or about August 23,

3    2008.

4         17.    Prior to her employment with Defendant, Gilbert had approximately eleven (11)

5    years of experience in sales in the form liner industry.

6         18.    In November 2010, Defendant hired a male Sales Representative, Carey

7    Cornwell ("Cornwell") who had fewer years of experience in the form liner industry.

8         19.    Since at least November 2010, Defendant paid Gilbert a lower base annual salary

9    than Cornwell for the entire duration that they were both employed by Defendant.

10        20.    In or around May 2012, Gilbert and Cornwell both received raises in their base

11   annual salaries. Cornwell received a larger raise in terms of both percentages of their respective

12   base annual salaries and in dollars, than Gilbert and continued to be paid a higher base salary

13   than Gilbert.

14        21.    Since at least January 2014, Defendant subjected Gilbert to a different

15   commission structure than Cornwell.

16        22.    The impact of Gilbert's lower base annual salary and different commission

17   structure was to result in Gilbert receiving less total compensation than Cornwell.

18        23.    As Sales Representatives, Gilbert and Cornwell performed the same job that

19   required equal skill, effort, and responsibility under the same working conditions with

20   operations at the same location.

21        24.    Both Gilbert and Cornwell were supervised by the same executive employees of

22   Defendant.

23        25.    Specifically, Jessie Ullerich ("Ullerich"), Chief Executive Officer, was

24   responsible for setting the terms and conditions of employment for both Gilbert and Cornwell

25   such as hiring, terminating, setting pay, and supervising.

26        26.    Of the three Sales Representatives who worked for Defendant during the relevant

27   time, two were male and Gilbert was the only female.

28        27.    In or around December 2013 and again in January 2014, Gilbert complained

verbally to Steve Deering, owner of Defendant, and in writing to CEO Jessie Ullerich, that she was receiving a lower base salary and that the new commission structure affected her differently than the other sales people and ultimately that she would be earning less than the male employees.

28.     Defendant adjusted Gilbert's commission structure at least two times during 2014, but none of the adjustments resulted in Gilbert making equal total compensation to Cornwell for the same amount of sales.

29.     Throughout his employment, Defendant always paid Cornwell a higher annual base salary than Gilbert and throughout their employment, this differential meant that Gilbert could not earn as much as Cornwell.

30.     In or around April 2014, Defendant reassigned some of its territories. Cornwell was assigned territories that were already established with accounts while Gilbert was given territories that required more work to establish new accounts and sales.

31.     When in or around January 2014, Gilbert complained verbally and in writing to Defendant that the commission structure and base salary discrepancy resulted in her earning less money than the other salespeople, Defendant responded by increasing Gilbert's personal sales goal.

32.     Defendant did not correct Gilbert's pay to provide her with equal pay for equal work.

33.     After Gilbert questioned her pay and the commission structure, Defendant targeted her computer and cellular telephone for monitoring while other employees were allowed to freely use both their work computers and cellular telephones for personal uses.

34.     On or around May 23, 2014, Defendant demanded that Gilbert resign or she would be terminated.

35.     In or around May 29, 2014, Gilbert refused to resign and stated in writing that she believed she was being discriminated against because of her sex, female.

36.     On or about May 29, 2014, Defendant terminated Gilbert's employment effective May 23, 2014.

37. The effect of the practices complained of in paragraphs 14-35 above has been to deprive Gilbert of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex, female.

38. The unlawful employment practices complained of in paragraph 14-36 above were intentional.

39. As a direct and proximate result of the aforesaid acts of Defendant, Gilbert suffered a loss of earnings.

40. As a direct and proximate result of the aforesaid acts of Defendant, Gilbert has suffered emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation.

41. The unlawful employment practices complained of in paragraph 14-39 above were done with malice or with reckless indifference to the federally protected rights of Gilbert.

Statement of Equal Pay Act Claims

42. Since at least on or about August 2008, Defendant has engaged in unlawful employment practices at their Santa Ana facility, in violation of Sections 6(d)(1) and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206(d)(1) and 215(a)(2) by paying wages to Gilbert in its Santa Ana, California facility, at rates less than the rates paid to the male counterpart in the same establishment for substantially equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions.

43. As a result of the same acts complained of above in paragraphs 14-35, Defendant unlawfully withheld payment of wages due to Gilbert. Defendant is unable to establish the specific defenses under the EPA to justify the disparity between Gilbert and her male counterpart, Cornwell.

44. The unlawful practices complained of in paragraphs 14-42 above were willful.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which includes the unlawful payment of wages to employees of one sex at

-7-

1    rates less than the rates paid to employees of the opposite sex, and subjecting employees to

2    retaliation for having complained about discrimination.

3         B.      Order Defendant to institute and carry out policies, practices, and programs

4    which provide equal employment opportunities for women and which eradicate the effects of its

5    past and present unlawful employment practices in violation of Sections 206(d) and 215(a) of the

6    EPA and Section 203(a) of Title VII.

7         C.      Order Defendant to make whole Ronda Gilbert by providing appropriate back pay

8    with prejudgment interest, in amounts to be determined at trial, and other affirmative relief

9    necessary to eradicate the effects of its unlawful employment practices, including but not limited

10   to rightful place reinstatement or front pay.

11        D.      Grant a judgment requiring Defendant to pay appropriate back wages in amounts

12   to be determined at trial, an equal sum as liquidated damages, and prejudgment interest, pursuant

13   to the EPA, to employees whose wages are being unlawfully withheld as a result of the acts

14   complained of above, including but not limited to Ronda Gilbert.

15        E.      Grant a judgment requiring Defendant to pay appropriate back wages in amounts

16   to be determined at trial and prejudgment interest, pursuant to Title VII, to employees whose

17   wages are being unlawfully withheld as a result of the acts complained of above including but

18   not limited to Ronda Gilbert.

19        F.      Order Defendant to make whole Ronda Gilbert by providing compensation for

20   past and future pecuniary losses, pursuant to Title VII, in amounts to be determined at trial

21   including, but not limited to, out-of-pocket expenses suffered by her which resulted from the

22   unlawful employment practices described above in amounts to be determined at trial.

23        G.      Order Defendant to make whole Ronda Gilbert by providing compensation for

24   past and future non-pecuniary losses, pursuant to Title VII, resulting from the unlawful practices

25   described above, in amounts to be determined at trial. The non-pecuniary losses include, but are

26   not limited to, emotional pain, suffering, inconvenience, mental anguish, humiliation, and loss of

27   enjoyment of life.

28        H.      Order Defendant to pay Ronda Gilbert punitive damages, pursuant to Title VII,

1   for its malicious or reckless conduct as described above, in amounts to be determined at trial.

2        I.     Award the Commission its costs of this action.

3        J.     Grant such further relief as the Court deems necessary and proper in the public

4   interest.

5   ### JURY TRIAL DEMAND

6        The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated: November 17, 2016            Respectfully Submitted,

P. DAVID LOPEZ,
General Counsel

JAMES LEE,
Deputy General Counsel

GWENDOLYN YOUNG REAMS,
Associate General Counsel

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 M Street, NE
Washington, DC 20507

By: _____

Anna Y. Park,
Regional Attorney
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION