Anna Y. Park, SBN 164242
Sue J. Noh, SBN 192134
Nakkisa Akhavan, SBN 286260
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 894-1083
Facsimile: (213) 894-1301
E-mail:  nakkisa.akhavan@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> vs. <br><br> SPEC FORMLINERS, INC. and Does 1-10 Inclusive, <br><br> Defendant(s). | Case No.: 8:16-cv-02066-BRO-AJW <br><br> **CONSENT DECREE AND ORDER** |

# I.

# INTRODUCTION

Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC" or the "Commission") and Defendant Spec Formliners, Inc. ("Spec Formliners") hereby agree to entry of this Consent Decree to resolve the Commission's lawsuit against Spec Formliners in <u>U.S. Equal Employment Opportunity Commission v. Spec Formliners, Inc.</u>, Case No. 8:16-cv-02066-BRO-AJW (the "Action"), filed under the Equal Pay Act of 1963 ("EPA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), and Title I of the Civil Rights Act of 1991. The EEOC and Spec Formliners are referred to collectively as the "Parties." The Action alleges Defendant paid Charging Party Ronda Gilbert ("Charging Party" or "Gilbert") less than a male employee based on sex in violation of the EPA and Title VII.

# II.

# PURPOSES AND SCOPE OF THE CONSENT DECREE

A. The Parties agree that this Action should be fully and completely resolved by entry of this Consent Decree. This Decree shall be binding on and enforceable against Defendant and its parents, subsidiaries, officers, directors, agents, successors, and assigns.

B. The Parties have entered into this Decree for the following purposes:

    1. To provide appropriate monetary and injunctive relief;

    2. To ensure that Defendant's employment practices comply with federal law;

    3. To ensure a work environment free from discrimination, especially as it relates to equal pay and sex discrimination;

    4. To ensure Defendant and all its managers and employees are trained on the laws regarding equal pay and sex discrimination;

    5. To provide an appropriate and effective mechanism for handling complaints of sex discrimination and equal pay violations; and

    6. To avoid the expensive and protracted costs incident to this litigation.

///

///

### III.
### RELEASE OF CLAIMS

A. This Decree fully and completely resolves all issues, claims, and allegations raised by the EEOC against Defendants in this Action.

B. Nothing in this Decree shall be construed to preclude any party from bringing suit to enforce this Decree in the event that any party hereto fails to perform the promises and representations contained herein.

C. Nothing in this Decree shall be construed to limit or reduce any obligations to comply fully with the EPA, Title VII, or any other federal employment statute.

D. This Decree in no way affects the EEOC's right to bring, process, investigate or litigate other charges that may be in existence or may later arise against any party in accordance with standard EEOC procedures.

E. Spec Formliners makes no admission of liability.

### IV.
### JURISDICTION

A. The Court has jurisdiction over the parties and the subject matter of this lawsuit. The Complaint asserts claims that, if proven, would authorize the Court to grant the monetary and equitable relief set forth in this Decree.

B. The terms and provisions of this Decree are fair, reasonable and just.

C. This Decree conforms to the Federal Rules of Civil Procedure and any other federal statute(s), and is not in derogation of the rights or privileges of any person.

D. The Court shall retain jurisdiction of this Action for the duration of the Decree for the purposes of entering any order, judgment, or decree that may be necessary to implement the relief provided herein.

### V.
### EFFECTIVE DATE AND DURATION OF DECREE

A. The provisions and agreements contained herein are effective immediately upon the date which this Decree is entered by the Court ("the Effective Date").

B.       Except as otherwise provided herein, this Decree shall remain in effect for two-and-a-half (2.5) years after the Effective Date.

## VI.
## MODIFICATION AND SEVERABILITY

A.       This Decree constitutes the complete understanding of the parties with respect to the matters contained herein.  No waiver, modification, or amendment of any provision of this Decree will be effective unless made in writing and signed by an authorized representative of each of the parties and such modifications are approved by the Court.

B.       If one or more provisions of the Decree are rendered unlawful or unenforceable, the parties shall make good faith efforts to agree upon appropriate amendments to this Decree in order to effectuate the purposes of the Decree.  In any event, the remaining provisions will remain in full force and effect unless the purposes of the Decree cannot, despite the parties' best efforts, be achieved.

C.       By mutual agreement of the parties, with the Court's approval, this Decree may be amended or modified in the interests of justice and fairness in order to effectuate the provisions of this Decree.

## VII.
## COMPLIANCE AND DISPUTE RESOLUTION

A.       If the EEOC has reason to believe that Spec Formliners has failed to comply with any provision of this Consent Decree, the EEOC may bring an action before this Court to enforce the Decree.  Prior to initiating such action, the EEOC will notify Spec Formliners and its legal counsel of record, in writing, of the nature of the dispute.  Spec Formliners shall have twenty-one (21) days to attempt to resolve or cure the breach. The parties may agree to extend this period upon mutual consent.

B.       After thirty (30) days have passed, inclusive of the twenty-one (21) days to resolve or cure the breach referenced in Section VII.A, from the written notice with no resolution or agreement to extend the time, the EEOC may petition this Court for resolution of the dispute, seeking all available relief that the Court may deem appropriate.

# VIII.

# **MONETARY AND CLAIMANT SPECIFIC RELIEF**

A.  Monetary Relief

1. In settlement of this lawsuit, Spec Formliners shall pay Charging Party Ronda Gilbert a total of $105,000.00 ("Settlement Amount") in monetary relief to resolve this action.

2. Defendant will pay Charging Party Ronda Gilbert in two checks: (1) a non-wage compensation check will be issued for compensatory damages in the amount of $84,000.00. For this payment, Defendant shall prepare and distribute a 1099 tax reporting form to Gilbert, and shall make all appropriate reports to the Internal Revenue Service and other tax authorities. (2) A wage payment of $21,000.00, which payment will be treated as wages, subject to deductions for federal and state withholding taxes and other deductions Defendant is required by law to make. Defendant shall pay the employer's portion of all deductions required by law, and such amounts shall not be deducted from payment of the monetary settlement amount to Gilbert. For this wage payment, Defendant shall prepare and distribute a W-2 form to Gilbert. The 1099 and W-2 shall be prepared and issued at the time the checks are distributed.

3. Within twenty (20) business days of the Effective Date, Spec Formliners shall forward, via Certified U.S. Mail, the Settlement Amount to Gilbert. Within five (5) business days of the issuance of the Settlement Amount, Spec Formliners shall submit a copy of the check and related correspondence to the Regional Attorney, Anna Y. Park, U.S. Equal Employment Opportunity Commission, 255 East Temple Street, 4th Floor, Los Angeles, CA 90012.

B.  Claimant Specific Relief

1. Spec Formliners will provide verification of Gilbert's employment to any prospective employer. Such verification will be limited to Gilbert's name, job title, employment classification (e.g., full or part-time), date of hire, and last date of employment (without disclosing any reason for end of employment).

2. Defendant's response is limited to any requests for references regarding Gilbert's employment to the dates of employment and job title. References will only be given by the Consultant.

## IX.

## **GENERAL INJUNCTIVE RELIEF**

A.  Non-Discrimination and Non-Retaliation

    1.  Spec Formliners, its directors, officers, agents, management, successors, and assigns are hereby enjoined from:

        a.  Discriminating against any employee in violation of Title VII on the basis of sex;

        b.  Retaliating against any employee for complaining of sex discrimination;

        c.  Discriminating against any employee in violation of the EPA on the basis of sex;

        d.  Engaging in or being a party to any action, policy, or practice that has the effect of discriminating against any employee in violation of the EPA on the basis of sex; or

        e.  Retaliating against any employee for complaining of unfair pay practices.

    2.  Spec Formliners, its directors, officers, agents, management, successors, assigns, and all those acting in concert or participation with them, or any of them, are hereby enjoined from engaging in, implementing, or permitting any action, policy, or practice that constitutes retaliation in violation of the EPA or Title VII against any current or former employee or applicant because he or she has in the past or during the term of this Decree:

        a.  opposed any practice that he or she believes to be discriminatory or retaliatory in violation of Title VII and/or the EPA;

        b.  filed a charge of discrimination alleging such practice;

        c.  testified or participated in any manner in any investigation (including without limitation, any internal investigation undertaken by Spec Formliners) and/or proceeding in connection with this case, and/or relating to any claim of a Title VII or EPA violation;

        d.  been identified as a possible witness or claimant in this action;

        e.  asserted any rights under this Decree; or

        f.  sought and/or received any relief in accordance with this Decree.

///

B.   Posting

Within ten (10) business days after the Effective Date and throughout the term of this Decree, Defendant shall post a notice (attached as "Exhibit A") of the terms of this Decree in a clearly visible location frequented by its employees. The posting shall remain posted for the duration of the Decree.

C.   Equal Employment Opportunity Consultant

Within thirty (30) days after the Effective Date, Defendant shall retain an Equal Employment Opportunity Consultant ("Consultant") mutually accepted by the Parties to review and/ revise Defendant's policies and procedures regarding pay and benefits to ensure compliance with Title VII, the EPA, and this Decree, including but not limited to reviewing Defendant's current pay structure(s) and/or rates for all sales persons to ensure equal pay for equal work.  The Consultant shall have demonstrated experience in the area of employment discrimination and equal pay practices. Defendant shall provide a list of three (3) suggested candidates for approval by the EEOC.  If the EEOC cannot approve one of three Consultant candidates proposed by Defendant, the EEOC will propose other candidates so that a mutually agreeable Consultant can be selected by Defendant.

Within sixty (60) days after the Effective Date, the Consultant shall provide a written report to the EEOC detailing the review of Defendant's policies and procedures regarding pay and benefits and changes recommended to prevent and correct disparities in pay and/or benefits, if any.  To the extent changes are made, the Consultant or Defendant shall also provide a copy of the revised policies and procedures with the Consultant's report on the assessment and changes recommended to Defendant's pay and benefits policies and procedures.

For the term of the Decree, the Consultant responsibilities further shall include:

1.   Assisting Defendant to ensure that Defendant's policies and procedures, relating to equal pay, sex discrimination, and retaliation, fully comply with Title VII, EPA, and all terms set forth in this Decree;

2.   Assisting Defendant with establishing a self-audit procedure to be implemented when Defendant makes changes to pay structures of sales representatives and/or hires, promotes,

1 or transfers staff to a sales representative role. The Consultant shall assist Defendant with
2 conducting an audit and report on the findings as part of the first report due within sixty (60)
3 days of the Effective Date as stated above. Thereafter, Defendant shall conduct self-audits each
4 time it implements new pay structures for sales representatives, changes the pay structures for
5 sales representatives, and/or hires, promotes, or transfers an employee to or within a sales role
6 and/or on an annual basis, if no self-audit has been conducted since the previous annual self-
7 audit. If Defendant has not implemented new pay structures, changed pay structures, and/or
8 hired, promoted, or transferred any employees to or within a sales role since the last annual
9 report, Respondent shall report that no changes have made in its annual report to the EEOC as
10 detailed in Section X.B;

11       3. Assisting Defendant to ensure management, supervisory, and human resources
12 employees involved in setting pay, making decisions on recruitment, promotions, or transfers,
13 are trained regarding their responsibilities under Title VII, EPA, this Decree, and internal
14 policies and procedures, to ensure equal pay for equal work; and

15       4. Ensuring that Defendant's performance and discipline policies hold employees
16 and managers accountable for, as applicable, failing to take appropriate action regarding
17 complaints of discrimination, unfair pay, or retaliation, or for engaging in conduct prohibited by
18 Defendant's internal policies and procedures, Title VII, the EPA and/or this Decree.
19 D. <u>Training</u>
20       1. Every executive, managerial, and supervisory employee shall be required to
21 attend a live Management Training regarding equal pay practices, sex discrimination, and
22 retaliation. The Management training shall be mandatory and of at least two hours' duration
23 annually during the term of this Decree.
24       2. Any management employee who fails to attend any scheduled Management
25 Training shall be trained within thirty (30) days of the live Management Training.
26       3. The Management Training shall include training on how to properly set salaries,
27 commissions, and any other components of an employee's compensation package in compliance
28 with Title VII and the EPA. The Management Training shall further include how to properly

handle, investigate, and respond to complaints of discrimination, unfair wage practices, and retaliation in a fair and neutral manner; how to take preventive and corrective measures against discrimination, unfair pay practices, and retaliation; and how to recognize sex discrimination, unfair pay practices, and retaliation.

4. Any employee required to attend any training under this Decree shall verify in writing his or her attendance at each training.

5. Within sixty (60) days after the Effective Date, Defendant shall submit to EEOC a description of the trainings to be provided and an outline of the curriculum developed for the trainees. Upon receipt, the EEOC may provide comment within thirty (30) days regarding any necessary revisions to the training.

6. The first training shall occur within 10 business days after EEOC's comments on the training curriculum or after ninety (90) days from the Effective Date, whichever is later.

E. <u>Policies and Procedures</u>

1. Revision of Policies

Within sixty (60) days of the Effective Date, Defendant, shall review and, if necessary, revise its policies and procedures on sex discrimination, equal pay, and retaliation based on the recommendations of the Consultant to include:

    a. A clear explanation of employee rights and responsibilities under Title VII and the EPA as it relates to sex discrimination and equal pay;

    b. A clear explanation of the employer's responsibilities and obligations under Title VII and the EPA as it relates to sex discrimination and equal pay;

    c. A clear explanation of Defendant's complaint procedures as they pertain to Title VII and EPA complaints;

    d. A clear explanation of the duties of supervisory, human resources, and other management personnel in ensuring equal pay; and

    e. A clear explanation of Defendant's non-retaliation commitment.

2. Distribution of Policy

    a. Within sixty (60) days of the Effective Date of this Decree, Defendants

shall provide to the EEOC a copy of all current and revised anti-discrimination, equal pay, and anti-retaliation policies;

  b. Within eighty-five (85) days of the Effective Date, and on an annual basis thereafter, Defendants shall ensure that it has distributed all policies to all employees, including management employees, in a language they understand;

  c. Within ninety (90) days of the Effective Date, Defendants shall submit to the EEOC a statement confirming distribution of the policies;

  d. Within five (5) days of the date of hire, for the remainder of the term of this Decree, every new employee, including non-managerial, executive, managerial, and supervisory employee shall receive Defendant's policies and procedures on discrimination, equal pay, and retaliation, including the internal complaint procedures, which shall be explained to the new hire employee by a manager of Defendant;

  e. On an annual basis through the term of the Decree, Defendant shall submit to the EEOC a statement confirming the distribution of the Policy to any person hired after the initial distribution but within the term of the Decree; and

  f. Any future adjustments to any pay structure of any position must not discriminate on the basis of sex.

F. <u>Recruitment of Sales Representatives</u>

Should Defendant actively seek to recruit individuals for a sales representative role, at least one hundred twenty (120) days prior to beginning the hiring process for an open sales representative position, Defendant, with assistance from the Consultant, will create a plan for recruitment of sales representatives to ensure that female applicants are not deterred from applying and that efforts are made to attract any qualified candidate without regard to their sex and provide such plan to the EEOC.

  1. The recruitment plan will include a timeline indicating the dates by which Defendant will put its recruitment plan into effect and the specific actions it will take in order to ensure that female applicants are not deterred from applying and that efforts are made to attract any qualified candidate without regard to their sex.

    2.    On an annual basis, Defendant will report to the EEOC information regarding whether it has actively sought to hire any sales representatives and if so, the progress of the recruitment plan and the specific actions that have been taken to ensure female applicants are not deterred from applying for sales representative positions, and that all applicants are provided an equal opportunity for hire.

## X.
## RECORD KEEPING AND REPORTING

A.    <u>Record Keeping</u>

    Defendant shall establish a record-keeping procedure that provides for centralized tracking of policy dissemination, compensation structures for all employees, total quarterly and annual sales, and all complaints of discrimination, unequal pay, or retaliation. The records to be maintained shall include:

    1.    all applicable documents generated in connection with compensation of employees including, but not limited to, initial compensation offers, records of negotiations, requests for pay increases, records reflecting promotions and/or pay increases, records of sales for which commissions are paid; and/or complaints of unequal compensation;

    2.    all forms acknowledging employees' receipt of Defendant's revised anti-discrimination, equal pay, and anti-retaliation policies;

    3.    all documents verifying the occurrence of all training sessions and names and positions of all attendees for each session as required under this Decree;

    4.    all documents necessary to conduct and certify all audits required under this Decree;

    5.    all documents reflecting the results of all audits required under this Decree;

    6.    all documents generated in connection with the monitoring, counseling, and disciplining of employees who Defendant determined to have engaged in behavior that may be discriminatory or retaliatory under Title VII or the EPA;

    7.    all documents submitted by an applicant for employment; and

    8.    all documents, communications, and/or correspondence pertaining to each

applicant for employment.

B. <u>Reporting</u>

    1. Within ninety (90) days after the Effective Date, Defendant shall submit to EEOC an initial report containing:

        a. A copy of the final anti-discrimination, anti-harassment, and anti-retaliation policies, including the final complaint procedures;

        b. A copy of the final compensation structure for sales representatives, sales figures, including any procedures created to rectify unequal pay;

        c. A summary of the procedures and record-keeping methods developed for centralized tracking of compensation and complaints;

        d. A statement confirming that the required Notice (Exhibit A) pertaining to this Decree has been posted;

        e. A statement confirming the specific training completed to date;

        f. An attendance list for all training sessions required under this Decree that have taken place;

        g. A statement confirming that Defendant has complied with section VII. "Monetary and Claimant Specific Relief;"

        h. A list of all applicants for employment as a sales representative since the Effective Date; a summary of the response to each application; cover letters, applications, resumes, curriculum vitae, any correspondence from Defendant to the applicant and the applicant's response to any correspondence from Defendant, if any, and/or any information or documents gathered by Defendant resulting in its decision to hire or not hire a particular applicant, and whether or not Defendant hired or intends to hire each applicant and all the reasons for its decision.

    2. On an annual basis starting one year after the Effective Date, Defendant shall submit to the EEOC an annual report containing:

        a. A copy of the operative anti-discrimination, anti-harassment, and anti-retaliation policies, including complaint procedures;

    b. A copy of the operative compensation structures for sales representatives, sales figures, including any procedures created to rectify unequal pay, all recommendations of the Consultant, a statement of which of the Consultant's recommendations Defendant accepts and the reasons for requesting to decline any recommendations that Defendant declines, the results of any self-audit undertaken since the previous annual report was submitted including all underlying materials and information included in the audit and/or other materials and/or information the Consultant believes is necessary to validate the audit results, the outcome of the audit, and any changes that were made to rectify any issues identified. If no changes requiring a self-audit have occurred since the last annual report, Defendant will report such to the EEOC;

    c. A statement confirming that the required Notice pertaining to this Decree and the final revised anti-discrimination, anti-harassment, and anti-retaliation policy has been distributed as required by this Decree;

    d. A statement confirming the specific training completed to date;

    e. An attendance list for all training sessions required under this Decree that took place during the previous year;

    f. A report detailing all changes to the policies, procedures, or record-keeping methods during the previous year; and

    g. A list of all applicants for employment as a sales representative since the Effective Date, a summary of the response to each application, applicant cover letters, applications, resumes, curriculum vitae, any correspondence from Defendant to the applicant and the applicant's response to any correspondence from Defendant, if any, any information or documents gathered by Defendant resulting in its decision to hire or not hire a particular applicant, and whether or not Defendant hired or intends to hire each applicant and all the reasons for its decision.

## XI.
## COSTS OF ADMINISTRATION AND IMPLEMENTATION OF CONSENT DECREE

  Defendant shall bear all costs associated with its administration and implementation of its obligations under this Consent Decree.

## XII.

## **COSTS AND ATTORNEYS' FEES**

Each party shall bear its own costs of suit and attorneys' fees.

## XIII.

## **MISCELLANEOUS PROVISIONS**

A.  During the term of this Consent Decree, Spec Formliners shall provide any potential successor-in-interest with a copy of this Consent Decree within a reasonable time of not less than thirty (30) days prior to the execution of any agreement for acquisition or assumption of control of any or all of Spec Formliners' facilities, or any other material change in corporate structure, and shall simultaneously inform the EEOC of same.

B.  During the term of this Consent Decree, Spec Formliners and its successors shall assure that each of its directors, officers, human resources personnel, managers, and supervisors is aware of any term(s) of this Decree which may be related to his/her job duties.

C.  Unless otherwise stated, all notices, reports and correspondence required under this Decree shall be delivered to the attention of the Regional Attorney, Anna Y. Park, U.S. Equal Employment Opportunity Commission, Los Angeles District Office, 255 E. Temple St., 4th Fl., Los Angeles, CA 90012.

D.  The parties agree to entry of this Decree and judgment subject to final approval by the Court.

|   |   |   |
|---|---|---|
| 1 |   | U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION |
| 2 | Date: November 2, 2017 | /s/ Anna Y. Park |
| 3 |   | Anna Y. Park |
| 4 |   | Regional Attorney |
| 5 |   | Sue J. Noh |
|   |   | Supervisory Trial Attorney |
| 6 |   |   |
| 7 |   | Nakkisa Akhavan |
|   |   | Senior Trial Attorney |
| 8 |   |   |
|   |   | Attorneys for Plaintiff EEOC |
| 9 |   |   |

LITTLER MENDELSON, P.C.

Date: November 2, 2017        /s/ Kimberly M. Shappley
                              Heather Vigil
                              Kimberly M. Shappley

                              Attorneys for Defendant
                              Spec Formliners, Inc.


SPEC FORMLINERS, INC.

Date: November 2, 2017        /s/ Stephen Deering
                              Stephen Deering, President

**ORDER**

**GOOD CAUSE APPEARING:**

The Court hereby retains jurisdiction and the provisions of the foregoing Consent Decree are hereby approved and compliance with all provisions thereof is fair and adequate.

IT IS SO ORDERED.

DATED: November 14, 2017

By: _____
Honorable VIRGINIA A. PHILLIPS
Chief United States District Judge